**Damian TEDONE and Nicholas Guidice**

v.

**UNITED STATES of America.**

**Civ. No. H–83–48.**

United States District Court, D. Connecticut.

March 23, 1983.

James M. Merberg, Boston, Mass., for plaintiffs.

Richard N. Palmer, Asst. U.S. Atty., Hartford, Conn., for defendant.

## RULING ON MOTION FOR RETURN OF SEIZED PROPERTY AND SUPPRESSION OF ITS USE AS EVIDENCE IN ANY PROCEEDING

BLUMENFELD, Senior District Judge.

Petitioners Tedone and Guidice have moved pursuant to Federal Rule of Crimi-nal Procedure 41(e) that certain papers seized from them be returned,[1] and that these papers not be admissible in evidence at any hearing or trial. According to Rule 41(e), petitioners are entitled to such relief if the seizure was unlawful.

The papers were seized at Bradley International Airport by Connecticut state police, and Drug Enforcement Administration (DEA) agents, working together. The state police had a warrant, issued by a state judge, to search petitioners for "[c]ontrolled drugs, narcotics, marijuana, pills, capsules, powders and/or other items of controlled substances and contraband." Government's Exhibit 1. The state police and the DEA agents found no such items, and they made no arrests. Nevertheless, they seized various papers, which were subsequently retained by the DEA.

■ Petitioners assert that the items seized were beyond the scope of the warrant.[2] While conceding that the items seized were not included in the warrant, the government seeks to justify their seizure under the "plain view" doctrine. This doctrine applies when the police, while conducting themselves lawfully, inadvertently come upon incriminating evidence, and "it is immediately apparent to the police that they have evidence before them." *Coolidge v. New Hampshire,* 403 U.S. 443, 466, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564 (1971) (plurality); *see also United States v. Ochs,* 595 F.2d 1247, 1256–57 & n. 8 (2d Cir.) (Friendly, J.), *cert. denied,* 444 U.S. 955, 100 S.Ct. 435, 62 L.Ed.2d 328 (1979).

■ Such a situation can involve "exigent circumstances" which excuse the need for a *warrant.* However, the police must still have *probable cause* to believe that the object is evidence of a crime. *See Coolidge,* 403 U.S. at 468, 91 S.Ct. at 2039 (plurality);

1. The government has conceded that, if the originals must be returned, so must all copies.

2. Petitioners also attack the seizure on other grounds. They challenge the affidavit which supported the warrant application, and they claim that the items in question were seized from luggage, while the warrant authorized a search only of petitioners' persons. These arguments need not be considered.

*Ochs,* 595 F.2d at 1258. Probable cause to seize "mere evidence" (such as the papers here) cannot be based on suspicion of crime "in the air." Rather, the police must have probable cause to believe that the object in question "will aid in a particular apprehension or conviction." *Andresen v. Maryland,* 427 U.S. 463, 482–83, 96 S.Ct. 2737, 2749–2750, 49 L.Ed.2d 627 (1976) (seizure of records regarding one fraudulent transaction, not under investigation, upheld because the records were evidence regarding intent in another fraudulent transaction under investigation); *Warden v. Hayden,* 387 U.S. 294, 307, 87 S.Ct. 1642, 1650, 18 L.Ed.2d 782 (1967) (seizure of clothes upheld because clothes were evidence regarding robbery already under investigation); *Ochs,* 595 F.2d at 1258–59 (seizure of records upheld because police had probable cause to believe that records would be evidence "relating to any one of three 'particular' crimes").

 In the case at bar, the government has not shown that the state police had probable cause to believe that the papers seized were evidence relating to any *particular* crime. The police may initially have had probable cause to believe that contraband would be found in the possession of petitioners. If contraband had been found in petitioners' possession, perhaps the papers would have served as evidence for a particular crime relating to that contraband. But no contraband was found, and the state police had no other particular crime in mind for which the seized papers would be evidence. Indeed, state police officer Hutchinson explained that, as he was reviewing the property seized, he did not make a careful inventory "[b]ecause we had no intention of prosecuting." Reporter's Transcript of Testimony of David Hutchinson, Hearing of Jan. 31, 1983, at 14:16; *see also id.* at 12:20–22. Further, DEA agent Hoyt explained that he made the judgment that the papers should be seized, and that he had no crime in mind for which the papers would be evidence, but merely hoped that the papers might provide evidence regarding some crime.

Accordingly, the seizure of the papers the return of which is sought was not based on probable cause to believe that they were evidence of any particular crime and was therefore unlawful. Petitioners' motion is therefore granted.

SO ORDERED.